UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| LEON BULLOCKS, Jr., <br><br>        Plaintiff, <br><br> vs. <br><br> ARAMARK, et al., <br><br>        Defendants. | 2:14-cv-01057-RFB-VCF <br><br> **ORDER AND** <br><br> **REPORT AND RECOMMENDATION** |

Before the Court is Plaintiff Leon Bullocks's Application to Proceed *In Forma Pauperis* (#1[1]) and complaint (#1-2). For the reasons discussed below, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and his complaint may proceed in part as detailed below.

### *IN FORMA PAUPERIS* APPLICATION

Pursuant to 28 U.S.C. § 1915(a), a plaintiff may proceed *in forma pauperis* when payment of filing fees would prohibit that plaintiff from commencing a civil action or appealing a civil or criminal action. 28 U.S.C. § 1915(a)(4). Plaintiff Leon Bullocks claims that he is presently unemployed and homeless and has no assets. (#1 at 2). He was last employed as a chef in Defendants' restaurant. (#1-2 at 3). He was laid off on May 6, 2011. (#1-2 at 4). Accordingly, Plaintiff's Request to Proceed *In Forma Pauperis* is granted.

### LEGAL STANDARD

When an application to proceed *in forma pauperis* is granted, the court must screen the complaint to determine if it should be dismissed. *See* 28 U.S.C. § 1915(e)(2). Federal courts have the

---

[1] Parenthetical citations refer to the court's docket.

authority to dismiss the action if the action "is frivolous or malicious; . . . fails to state a claim on which relief may be granted; . . . or seeks monetary relief against a defendant who is immune from such relief." *Id*.

Federal Rule of Civil Procedure 8(a) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must determine if a complaint has "crossed the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim is implausible if its allegations are "merely consistent with liability," *Iqbal*, 556 U.S. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681 (citations omitted).

To determine if the complaint is plausible, the court must first identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681. Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

To consider whether a complaint has stated a claim on which relief can be granted, the court must accept all material allegations as true and construe said allegations in the light most favorable to the Plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). If the complaint should be dismissed under section 1915(e), the Plaintiff should be allowed to amend the complaint to cure its

1  deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by
2  amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

3  If the factual allegations, accepted as true, "do not permit the court to infer more than the mere
4  possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is
5  entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)). Where a *pro se* litigant is involved, however, the
6  courts must hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520
7  (1972).

8  **BACKGROUND**

9  Plaintiff was hired by Aramark on November 17, 2010 to work as a "hot line and grill station
10 cook." (#1-2 at 5). He alleges that, in January of 2011, management instructed him to train a younger
11 Caucasian male coworker with no cooking experience to work on Plaintiff's station. (*Id.*). That
12 coworker then allegedly harassed, threatened, and assaulted the Plaintiff. (*Id.*). He claims that he
13 reported this to management but that no corrective action was taken. (*Id.*). Plaintiff also mentions that
14 the coworker reported to work "high on drugs or intoxicated" several times, that he reported this to
15 management, and that no action was taken. (*Id.*). Plaintiff was "laid off/terminated" on May 6, 2011.
16 (*Id.*). This occurred as part of Aramark's "reduction of staff" at the Cosmopolitan, in which nine to ten
17 employees were laid off. (#1-2 at 6). At the time, Plaintiff was fifty-four years of age and the coworker
18 was "about 34." (*Id.*).

19 On November 18, 2011, Plaintiff filed a grievance with the EEOC, which resulted in a
20 determination that the EEOC was unable to conclude that Defendants violated the law. (#1-2 at 9). The
21 right to sue letter included with the EEOC determination stated that Plaintiff may commence a lawsuit
22 within ninety days of receiving the determination. (#1-2 at 10). The determination states that it was
23 mailed April 1, 2014. (#1-2 at 9). Plaintiff now brings his claims for work place discrimination under
24 Title VII of the Civil Rights Act of 1964 (Count I), wrongful termination (Count II), and age
25

discrimination under the Employment Act of 1967 (Count III). (#1-2 at 2). Plaintiff invokes jurisdiction under 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 1983, and 42 U.S.C. § 1981. (#1-2 at 3).

## **DISCUSSION**

Since the court finds that Bullocks may proceed *in forma pauperis*, the court must now inquire as to whether the complaint should be dismissed. For the following reasons, the court finds that it should proceed in part and be dismissed in part. Before discussing jurisdiction and reaching the merits of Plaintiff's claims, the court would like to dispense with one preliminary matter.

### **A. All Claims Against SoUS Restaurant Group are Dismissed Without Prejudice**

As an initial matter, the court recommends dismissing without prejudice all claims related to SoUS Restaurant Group because no factual allegations are made against it. As discussed above, *Iqbal* requires that the Plaintiff allege sufficient factual matter, taken as true, to state a claim upon which relief may be granted. *Iqbal*, 556 U.S. at 678. No factual assertions relating to SoUS Restaurant Group have been made. The court recognizes that as a *pro se* litigant, Bullocks should be held to "less stringent standards," *Haines*, 404 U.S. at 520, and, therefore, recommends that Bullocks be given leave to amend the complaint to include facts relating to SoUS Restaurant Group.

### **B. Jurisdiction Under 28 U.S.C. § 1343**

Bullocks indicates that the court has jurisdiction over his claims pursuant to 28 U.S.C. § 1343(a)(3). (#1-2 at 3).  Section 1343(a) provides that "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person ... [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights" brought under sections 1981, 1983, and 1985 of Title 42. 28 U.S.C. § 1343(a). Bullocks brings his claims under sections 1981 and 1983 (#1-2 at 3). Jurisdiction under section 1343 is proper.

**C. Jurisdiction Under 42 U.S.C. § 1983**

Plaintiff brings his claim under 42 U.S.C. § 1983, a federal statute that provides a private right of action for the enforcement of provisions of the United States Constitution. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege, first, a deprivation of rights secured by the Constitution of the United States and, second, that the deprivation was committed by a defendant acting under the color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Section 1983 does not create substantive rights; it is merely a procedural device used to enforce substantive provisions of the United States Constitution and federal statutes. *Id.* Plaintiff alleges violations of various federal statutes but, if Plaintiff's assertions are taken as true, Defendants were never acting under color of state law. Plaintiff fails to establish that Defendants acted under color of state law and "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims," *Buckey v. Los Angeles,* 968 F.2d 791, 794 (9th Cir.1992). As such, claims brought under 42 U.S.C. § 1983 should be dismissed with prejudice.

**D. Jurisdiction Under 42 U.S.C. § 1981**

Several courts have held that section 1981 may not be used for age discrimination suits. *See, e.g., Torres-Santiago v. Alcaraz-Emmanuelli*, 553 F.Supp.2d 75, 85 (D. Puerto Rico 2008); *Laird v. Texas Commerce Bank-Odessa*, 707 F. Supp. 938, 940 (W.D. Tex. 1988). It can, however, be used to maintain a racial discrimination action. 42 U.S.C. § 1981 prohibits intentional race discrimination in the making and enforcement of private contracts, including employment contracts. *See, e.g., Johnson v. Railway Express Agency*, 421 U.S. 454 (1975) (holding that § 1981 protects against racial discrimination in private employment).

As plaintiff alleges racially motivated discrimination in his complaint, the court will now turn to the merits of that claim. The *McDonnell Douglas* test for establishing employment discrimination, provides that Plaintiff must show: (1) that he belongs to racial minority; (2) that he is qualified to perform position for his employer; (3) that, despite his qualifications, he was denied position,

discharged, or subjected to some other form of adverse treatment; and (4) that discharge occurred under circumstances that gave rise to inference of discrimination. *Hunter v. Citibank, N.A.*, 862 F.Supp. 902, 908 (E.D.N.Y. 1994).

Plaintiff is African American (#1-2 at 5), he claims he was harassed on the job and then terminated, and he claims that the Caucasian employee who allegedly harassed him was able to continue working and therefore, received more favorable treatment. (*Id.* at 6). While Plaintiff does not specifically allege that he was qualified to perform his job, he does allege that he was competent to train the new Caucasian employee and that he had held the job since November 17, 2010. (*Id.* at 5). Given the less stringent standards afforded to *pro se* litigants, the court finds that the prima facie case of section 1981 discrimination has been established for the purposes of this *in forma pauperis* application only.

### E. Count I - Title VII Racial Discrimination

A complaint under Title VII also requires a prior EEOC filing. *See* 42 U.S.C. § 2000e-5. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (1) he belonged to a protected class; (2) he was qualified for the job; (3) he was subjected to adverse employment action; and (4) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.2006) (citations removed). Plaintiff is African American (#1-2 at 5), he claims he was harassed on the job and then terminated, and he claims that the Caucasian employee who allegedly harassed him was able to continue working and therefore, received more favorable treatment. (*Id.* at 6). While Plaintiff fails to allege that he was qualified to perform his job, he does allege that he was qualified to train the new employee and that he had held the job since November 17, 2010. (*Id.* at 5). Given the less stringent standards afforded to *pro se* litigants, the court finds that the prima facie case of Title VII discrimination has been established for the purposes of this *in forma pauperis* application only.

### F.  Count II - Wrongful Termination

Plaintiff's second claim is one of wrongful termination. (#1-2 at 5). Plaintiff does not articulate which federal law protects him from wrongful termination or if he would like to proceed with a state law claim. Bullocks fails to mention whether he was hired pursuant to an employment contract or whether he was an "at will" employee. Under Nevada law, employment contracts are presumably terminable at will. *Yeager v. Harrah's Club, Inc.*, 897 P.2d 1093, 1095 (Nev. 1995). To overcome this presumption, an employee must provide evidence that his employer made oral promises of long-term employment. *Id*. at 1096. With a few exceptions for public policy concerns, an at-will employee can be terminated for any reason or for no reason. *Martin v. Sears, Roebuck & Co.*, 899 P.2d 551, 553-54 (Nev. 1995).

An "at will" employee may bring a wrongful termination claim in Nevada if the termination was for a reason contrary to the "strong public policy" of the state as determined by the Nevada Supreme Court. *Hansen v. Harrah's,* 675 P.2d 394, 396–97 (Nev.1984). This exception only applies if the wrongful motivation was the sole proximate cause of termination. *Allum v. Valley Bank of Nevada,* 970 P.2d at 1062, 1066 (Nev. 1998) (stating that "recovery for retaliatory discharge under state law may not be had upon a 'mixed motives' theory; thus, a plaintiff must demonstrate that his protected conduct was *the* proximate cause of his discharge." (emphasis in original)). Bullocks alleges neither that he had an employment contract nor that any "strong public policy" applies in this case. Termination on the basis of race is a clear public policy concern, however. The Nevada Supreme Court has held that the "public policy against age discrimination is [not] sufficiently strong and compelling to warrant another exception to the 'at-will' employment doctrine." *Sands Regent v. Valgardson*, 777 P.2d 898, 900 (1989). There is some precedent to the effect that claims of at will employees for wrongful discharge based on race or age is barred by the existence of "a comprehensive statutory remedy" (i.e., the ADEA and Nevada State statutes). *Jones v. Reno Hilton Resort Corp.*, 889 F.Supp. 408, 412, n. 4 (1995).

Even if wrongful termination is unavailable to Plaintiff, Nevada Revised Statutes § 613.330 provides a remedy to those who have suffered discrimination on the bases of race and age. N.R.S. § 613.330(1)(a). Taking the facts stated in the complaint as true, it appears that Plaintiff has stated a claim for wrongful termination, under either state or federal law, based on race that is plausible on its face. As such, the court recommends count II be allowed to proceed.

### G.  Count III - Age Discrimination

The Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623, provides, "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). 29 U.S.C. § 626 provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter. 29 U.S.C. § 626(c)(1). "In order to establish a prima facie case of [age] discrimination, a plaintiff must show (1) that he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Leong v. Potter*, 347 F.3d 1117, 1124 (9th Cir. 2003). As mentioned above, Plaintiff does not specifically allege that he was qualified to perform his job, but, given the less stringent standards afforded to *pro se* litigants, the court finds that the prima facie case of Title VII discrimination has been established for the purposes of this *in forma pauperis* application only.

ACCORDINGLY, and for good cause shown,

### ORDER

IT IS HEREBY ORDERED that Plaintiff Leon Bullocks' Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that all claims brought under 42 U.S.C. 1981 may PROCEED.

1    IT IS FURTHER ORDERED that Count I may PROCEED.

2    IT IS FURTHER ORDERED that Count II may PROCEED.

3    IT IS FURTHER ORDERED that Count III may PROCEED.

4    IT IS FURTHER ORDERED that Bullocks is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint, issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

**RECOMMENDATION**

IT IS RECOMMENDED that all claims against Defendant SoUS Restaurant Group be DISMISSED WITH LEAVE TO AMEND.

IT IS FURTHER RECOMMENDED that all claims brought under 42 U.S.C. 1983 be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that, if the court adopts this report and recommendation, a DATE be set by which Bullocks' amended complaint is due.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2 (emphasis added).

DATED this 16th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE