UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEON BULLOCKS, JR.,<br><br>            Plaintiff,<br><br>    v.<br><br>ARAMARK *et al*.,<br><br>            Defendants. | Case No.: 2:14-cv-01057-RFB-VCF<br><br>**ORDER**<br><br>Report & Recommendation of Magistrate Judge Cam Ferenbach (ECF No. 2) |

  Before the Court for consideration is the Report and Recommendation of the Honorable Cam Ferenbach, United States Magistrate Judge, entered July 16, 2014 (ECF No. 2).

  A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b). Where a party fails to object, however, a district court is not required to conduct "any review," *de novo* or otherwise, of the report and recommendations of a magistrate judge. Thomas v. Arn, 474 U.S. 140, 149 (1985).

Pursuant to Local Rule IB 3-2(a), objections were due by August 2, 2014. No objections were filed by that date. The Court has reviewed the record in this case and concurs with the Magistrate Judge's recommendation(s) that all claims against Defendant SoUS Restaurant Group be dismissed with leave to amend; that all claims brought under 42 U.S.C. 1983 be dismissed with prejudice; and that, if the Court adopts the Report and Recommendation, a date be set by which Bullocks' amended complaint is due.

The Court also notes that on August 15, 2014, Plaintiff filed a document entitled "Appealing the Courts' [sic] Recommendation," in which he requested leave to file additional documents past the August 2 deadline and stated that he was experiencing hardship due to being unemployed and homeless and having difficulty accessing a computer and finding money for copies. ECF No. 6. In his filing, Plaintiff stated that Defendant SoUS Restaurant Group ("SoUS") had been dismissed from this action without prejudice and produced evidence that SoUS was a division of Defendant ARAMARK and was Plaintiff's employer. Id. To the extent that Plaintiff seeks to object to the Report and Recommendation, the Court finds that Plaintiff's additional documents relating to SoUS do not constitute a proper amendment to a pleading under the Local Rules of Practice for this district. See LR 15-1. The documents do, however, demonstrate that Plaintiff possesses additional facts that, if included in an amended complaint, may enable one or more of his claims against SoUS to proceed.

In light of these documents and Plaintiff's claim of hardship, the Court finds good cause to allow Plaintiff additional time to amend his complaint. The Court also notes that a Scheduling Order (ECF No. 13) has been entered in this case, and motions to amend the pleadings or to add parties were due by November 24, 2014. Allowing additional time for Plaintiff to file a motion to amend his complaint may impact the other deadlines in this case. Therefore, the Court also finds good cause to require that a new scheduling order be entered in this case to reflect the extension of time given in this Order.

# ORDER

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 2) is ACCEPTED and ADOPTED in full.

**IT IS FURTHER ORDERED** that all claims against Defendant SoUS Restaurant Group are DISMISSED with leave to amend.

**IT IS FURTHER ORDERED** that all claims brought under 42 U.S.C. § 1983 are DISMISSED with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Leon Bullocks, Jr. shall have until **January 15, 2015** to file a motion to amend his Complaint with facts sufficient to state a claim or claims against Defendant SoUS Restaurant Group.

**IT IS FURTHER ORDERED** that the Scheduling Order entered on October 15, 2014 (ECF No. 13) is VACATED.

**IT IS FURTHER ORDERED** that the parties shall meet and confer within **three (3) weeks** of the date this Order is entered to discuss a discovery plan and proposed scheduling order. The parties shall file a proposed scheduling order within **four (4) weeks** of the date this Order is entered. In the proposed scheduling order, the deadline to file motions to amend the pleadings or to add parties shall be set on **January 15, 2015**.

DATED this 25th day of November, 2014.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**